UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO: CV-

| | | |
|---|---|---|
| STEPHEN GREEN | ) | |
|    Plaintiff | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| ALLIED INTERSTATE, INC. | ) | JURY TRIAL DEMANDED |
|    Defendant | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 73 Pa.C.S. 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. section 1331, 1337 and pursuant to 15 U.S.C. section 1692, et seq. and pursuant to 28 U.S.C. 1367 for pendant state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. ("FDCPA").

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transact business here.

### III. PARTIES

5. Plaintiff, Stephen Green ("Plaintiff"), is a natural person whose residence is located at 900 Main Street, Apartment B, Upland, PA 19015. Because Plaintiff was allegedly obligated to pay a debt that is the subject of this case that was primarily for family, personal or household purposes, he was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and FCEUA, 73 P.S. § 2270.3.

6. Defendant, Allied Interstate, Inc. ("Defendant") upon information and belief, is a corporation located at 3000 Corporate Exchange Drive, Columbus, OH, or 800 W. Interchange, 435 Ford Road, Minneapolis, MN 55426.

7. At all times relevant to this Complaint, Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and operated using an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. At all times relevant to this Complaint, Defendant transacted business in the Eastern District of Pennsylvania, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. section 1692a(6).

9. At all times relevant hereto, Defendant acted by and through its employees, agents, workmen, officers and/or owners.

## IV. FACTUAL ALLEGATIONS

10.  Beginning in or around August, 2010 and continuing through September, 2010, Defendant began making a series of telephone calls from telephone number 866-578-4773, among others, to Plaintiff in an attempt to collect an alleged debt.

11.  On several telephone calls, Defendant left voicemail messages but failed to provide any identifying or other information as required under the FDCPA and relevant case law.

12.  For example, Defendant called Plaintiff on the below listed date and left the following message:

> Tuesday, August 31, 2010, 4:32 p.m.
>
> "866-578-4773 and a representative will be able to assist you. Once again that number is 1-866-578-4773. Thank you."
>
> "about your debt. The laws have changed allowing us to go in and remove your debt completely, so press "1" now and talk to a representative for that free information or press "2" to get off our calling list. Thank you."
>
> Friday, September 3, 2010, 4:05 p.m.
>
> "866-578-4773 and a representative will be able to assist you. Once again that number is 1-866-578-4773. Thank you."

13.  Defendant knew or should have known that its actions as aforesaid violated the FDCPA. They could have taken the appropriate actions to comply with the applicable law but failed and neglected to do the same and failed to adequately review their actions to insure compliance with the law.

14.  Defendants did not maintain reasonable procedures to prevent the aforesaid actions.

15. At all times relevant hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and rights of the Plaintiff herein.

16. Defendant's actions as aforestated constitute a false, deceptive and harassing collection of communication and practice in violation of numerous and multiple provisions of the FDCPA,

17. As a result of Defendant's actions as aforestated, Plaintiff suffered emotional distress in the form of anger, anxiety, frustration and physical symptoms related to stress.

## V. TRIAL BY JURY

18. Plaintiff incorporates by reference paragraph 1 through 17 as though fully set forth herein.

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et.seq.

20. Plaintiff incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. Defendant violated the FDCPA by using false, deceptive and/or misleading representations and/or unfair practices in connection with a collection of a debt as follows:

(a) Defendant violated 15 U.S.C. § 1692b(1) by failing to identify themselves, or failing to state that collector is confirming or correcting location information.

(b) Defendant violated 15 U.S.C. § 1692d(5) by causing the phone to ring with the intent to annoy and harass.

(c) Defendant violated 15 U.S.C. § 1692d(6) by making telephone calls without disclosing their identity as shown by the aforesaid messages.

(d) Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that the communication is from a debt collector and/or use the "mini-Miaranda" warning in its' messages.

22. As a result of each and every FDCA violation by Defendant, Plaintiff has suffered damages.

23. Plaintiff has suffered actual damages as a result of the Defendant's illegal collection communications and action in the form of anger, anxiety and frustration.

24. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and attorney's fees and costs in accordance with 15 U.S.C. 1692k.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. 1692, et seq.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. 1692k(10(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Green prays that judgment be entered for him against Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated

the FDCPA;

(5) Such other and further relief that the Court deems just and

proper.

### COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73 Pa.C.S. 2270.1, et. seq.

28. Plaintiff incorporates by reference paragraphs 1 though 27 as though fully set forth herein.

29. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. 201-1 et. seq. ("FCEU/UTCPL") Defendant is a debt collector pursuant to 73 Pa.C.S. 2270.3.

30. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa.C.S. 2270.3.

31. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

32. The actions, as foresaid, constitute false, misleading or deceptive representations;

33. Violation of the FDCPA is per se violation of FCEUA and the UTCPL.

34. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTCPL, Plaintiff is entitled to an award of actual damages, treble damages, reasonable attorney's fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stephen Green, prays that judgment be entered for him against Defendant for the following:

(1) Actual damages;

(2) Statutory damages;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendants' conduct violated the FCEU;

(5) Such other and further relief that the Court deems just and proper.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTCPL"), 73 Pa.C.S. 201-1, et. seq.

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff and Defendant are "Persons" pursuant to 73 Pa.C.S. 201-2.

37. The UTCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" whether at, prior to, or subsequent to a consumer transaction.

38. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTCPL, by way of the following, inter alia:

   a. Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding pursuant to 73 Pa.C.S. 201-2(xxi).

   b. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTCPL.

39. As a direct and proximate cause of Defendant's actions as aforestated, Plaintiff has suffered financial damages and harm.

40. By virtue of the Defendant's violations of law as aforestated, and pursuant to the FCEUA and UTCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and cost of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Stephen Green, prays that judgment be entered for him against Defendant for the following:

(1) Actual damages;

(2) Statutory damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Declaratory judgment that the Defendants' conduct violated the UTCPL;

(6) Such other and further relief that the Court deems just and proper.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

---

Law of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com